[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff has brought this action against the defendant in three counts. In the first count, she alleges that she had been employed by the defendant for a period of some ten years when she was discharged on August 23, 1995 "in retaliation for plaintiff's friendship with one Maria Johnson a former employee of the defendant who was suing the defendant for discrimination and sexual harassment . . . [in] . . . violation of § 46a-60
(4) of the Connecticut General Statute." In the second count she CT Page 887 alleges that the reason for her discharge was that she was "assisting a fellow employee, Ruth O'Connell, in investigating a suspected fraud alleged to have been perpetrated by O'Connell's superior . . . [in] . . . violation of § 31-51m(d) of the Connecticut General Statutes." In the third count, she alleges that her discharge was "a violation of the public policy of good faith and fair dealing inherent in the employment relationship. " The defendant has now moved to strike the entire complaint, asserting that the court lacks subject jurisdiction over the first and second counts and that none of the three counts states a claim upon which relief may be granted as a matter of law.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
It is true, as is alleged by the defendant, that General Statutes § 46a-100 grants a private right of action in an employment discrimination claim only if such a claim has first been filed with the Commission on Human Rights and Opportunities (CHRO) and if the claimant has received a release to sue from the CHRO. It is not so clear, however, that the plaintiff must specifically allege in her complaint that she has taken her claim to CHRO and received from it a release to sue. Indeed, the defendant in this case had previously filed a request to revise asking the plaintiff to allege specifically whether or not she had sought and received such a release. The plaintiff had objected to that request to revise on the grounds that the failure to meet such statutory requirements was a matter of special defense under Practice Book § 164 and need not be alleged in the complaint. The court, Licari, J., agreed, and sustained the plaintiff's objection to the request to revise the first count.
The defendant has pointed to no authority for the proposition CT Page 888 that the obtaining of a release to sue from CHRO is an element which must be recited in the complaint. Absent such a requirement, the first count, although admittedly a bare bones rendition of the elements of her claim, sets forth a claim of retaliatory discharge on which relief may be granted as a matter of law. The motion to strike as to this count is therefore denied.
The second count is grounded in General Statutes § 31-51m(b), which provides that:
 No employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, a violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action.
The defendant contends that by failing to allege any specific statutory or regulatory violation, or the fact that she had made a report of any kind to a public body or that she had been asked by such a body to participate in an investigation, the plaintiff has failed to state a claim upon which relief may been granted. It also claims that this count must be stricken because of the failure to allege that all administrative remedies have been exhausted, and that the court lacks subject matter jurisdiction.
These same claimed deficiencies were a subject of the defendant's earlier requests to revise. The plaintiff objected to this request, again contending that these issues were matters of special defense under Practice Book § 164. The court, Licari, J., sustained the plaintiff's objection. Like the first count, the second count is a spare, bare bones outline of a cause of action. It does, however, state a claim upon which relief may be granted as a matter of law. Should the facts elicited in later discovery establish that the defendant is entitled to judgment as a matter of law as to this and/or the first count, the defendant will be free to move for summary judgment or, to the extent that the deficiencies implicate subject matter jurisdiction, to move to dismiss. Given the present state of the pleadings, however, the motion to strike the second count is also denied.
The third count, however, fails to state a claim upon which CT Page 889 relief may be granted. It incorporates the first two paragraphs of the preceding two counts, namely that the plaintiff had been employed by the defendant for approximately ten years and that on August 23, 1995, she was discharged. The claim that the discharge constitutes a "violation of the public policy of good faith and fair dealing inherent in the employment relationship" fails to state a claim upon which relief may be granted. To the extent the "public policy" sought to be vindicated is embodied either in General Statutes § 46a-100 or § 31-51m(b), it is addressed through the first and second counts. To the extent that some other statute is implicated, it should be specifically identified. Practice Book § 109A(a). To the extent that the public policy that the plaintiff has in mind reflects something other than a statutory basis, a breach of the implied covenant of good faith and fair dealing is not available when there is an adequate statutory remedy. See, e.g., Faulkner v. SikorskyAircraft, 11 Conn. L. Rptr. n. 8, 256 (Sup.Ct., Hartford 1994) (Corradino, J.) and cases cited therein. Moreover, as currently pleaded, the third count does not allege that the plaintiff's employment was anything other than terminable at will "Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 572 (1984). The motion to strike is therefore granted as to the third count.
In summary, the motion to strike is denied as to counts one and two, but granted as to count three.
Silbert, J.